**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Bradley Schroeder,<br><br>  Defendant. | No.  CR 04-1242-PHX-DKD<br>     CR 04-0718-PHX-DKD<br><br>**ORDER** |

Following the Government's appeal and subsequent motion for remand, the parties agreed to a remand to this Court for further proceedings regarding sentencing. The District Court granted the motion for remand and thus this Court has jurisdiction to proceed.

The Court first addresses a pending issue with respect to the range of possible sentences. Defendant's Response to Plaintiff's Memorandum and Motion for Remand contends that upon remand Defendant may not be sentenced to a higher sentence than the one originally imposed or at least the maximum sentence provided in the guidelines as determined at the time of his plea under the then-existing law. Defendant asserts that *ex post facto* principles preclude a higher sentence because at the time Defendant entered his plea of guilty to the Information *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), had been decided and thus Defendant believed that *Blakely* barred the use of any factor to increase a defendant's sentence not admitted or proved to a jury. Indeed, this Court sentenced Defendant consistent with this understanding. While his sentence was on appeal, however, the Supreme Court decided *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), which rendered the sentencing guidelines

advisory and removed the *Blakely* bar to judicial fact-finding in calculating the now-advisory guidelines. Defendant argues that *ex post facto* principles require a sentence no higher than that permitted at the time of Defendant's plea. The Ninth Circuit has previously rejected this *ex post facto* argument. In *United States v. Newman*, 203 F.3d 700, 702-03 (9th Cir. 2000), the Ninth Circuit held that the *ex post facto* principles advanced by Defendant "are inapplicable where the decision to be retroactively applied does not expand the scope of criminal liability but, by interpreting a federal statute 'merely restricts the avenues a defendant may pursue to prevent enhancement of a sentence. . . .'" *Id.* at 702 *quoting United States v. Ricardo*, 78 F.3d 1411, 1416 (9th Cir. 1996). *See also Holgerson v. Knowles*, 309 F.3d 1200, 1202-03 (9th Cir. 2002), *United States v. Dupas*, 419 F.3d 917, 919-21 (9th Cir. 2005).

Accordingly, upon resentencing the Court must apply the advisory guidelines as well as the sentencing factors enumerated in 18 U.S.C. § 3553, as limited by the statutory maximum sentences prescribed for the offenses set forth in Count I and Count II of the Information.

**IT IS THEREFORE ORDERED** setting this matter for a resentencing hearing on Friday, January 6, 2006, at 3:00 p.m. The parties shall file any sentencing memoranda ten (10) business days in advance of that date and shall file their responses, if any, three (3) business days prior to the hearing.

DATED this 18th day of November, 2005.

_____
David K. Duncan
United States Magistrate Judge